## In The United States District Court
## For The Northern District Of Texas
## Dallas Division

| | | |
|---|---|---|
| **Gerald Blace West,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Case No. 3:25-CV-1089-L-BK** |
| | § | |
| **State Of Texas,** | § | |
| **Defendant.** | § | |

### Findings, Conclusions and Recommendation
### of the United States Magistrate Judge

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* case was automatically referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed here, this action should be **DISMISSED WITHOUT PREJUDICE** as barred by the *Younger* abstention doctrine.

### I. BACKGROUND

This civil action arises from Plaintiff Gerald Blace West's pending state prosecution for driving while intoxicated in *State v. West*, No. M-22-42254 (County Crim. Court No. 9, Dallas Cnty, Tex.). Doc. 3 at 6. According to state trial court records available online (of which this Court takes judicial notice), West has court-appointed counsel and a trial is set for Tuesday, May 6, 2025.[1]

On May 2, 2025, West filed an emergency request to stay his state criminal proceeding and suppress body-camera footage and blood-alcohol test results. Doc. 3; Doc. 4. The Court liberally construes the request to stay as a civil complaint. Doc. 3. West asserts that the body-

---

[1] The docket sheet is available at https://www.dallascounty.org/services/record-search/ (last accessed on May 2, 2025).

camera footage is incomplete.  Doc. 3 at 1-2.  He contends that materially significant evidence from his booking is unavailable, including jailhouse videos and jailhouse body-camera footage, which were not preserved.  Doc. 3 at 2-3.  West also asserts that the blood-alcohol-content test results are unreliable.  Doc. 3 at 2.  Additionally, West seeks to dismiss the state criminal charge because the state failed in its duty to preserve the exculpatory evidence.  Doc. 3 at 3-4.

## II. ANALYSIS

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction.  *The Lamar Co., L.L.C. v. Mississippi Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").   The plaintiff, as the party asserting subject-matter jurisdiction, bears the burden of establishing that subject matter jurisdiction exists.  *See Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).

Likewise, the Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.").  Even under the most liberal construction, however, the Court lacks jurisdiction over Plaintiff's claims.

### A.  Request for Federal Intervention in Pending State Criminal Proceedings

As is relevant here, the *Younger* abstention doctrine precludes federal courts from granting injunctive relief based on constitutional challenges to state criminal prosecutions that are pending at the time the federal action is instituted.  *Younger v. Harris,* 401 U.S. 37, 41 (1971).  For *Younger* to apply, three criteria must be satisfied:  (1) the dispute must involve an

ongoing state judicial proceeding; (2) an important state interest in the subject matter of the proceeding must be implicated; and (3) the state proceeding must afford an adequate opportunity to raise constitutional challenges. *Wightman v. Tex. Supreme Court,* 84 F.3d 188, 189 (5th Cir. 1996) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982)).

The *Younger* abstention requirements are met here, as Plaintiff seeks federal intervention to resolve suppression issues related to his pending state criminal proceeding. What he asks this Court to do is "precisely the crux of what *Younger* forbids a federal court to do." *Boyd v. Farrin,* 575 F. App'x 517, 519 (5th Cir. 2014); *see also Nobby Lobby, Inc. v. City of Dallas,* 970 F.2d 82, 86 (5th Cir. 1992) ("Under *Younger* and its companion cases, a federal district court must abstain from exercising jurisdiction over a suit when state criminal proceedings are currently pending against the federal plaintiff."). It is apropos that the state has a vital interest in prosecuting violations of its criminal laws. *DeSpain v. Johnston,* 731 F.2d 1171, 1176 (5th Cir. 1984) ("The state has a strong interest in enforcing its criminal laws."). Also, Plaintiff can raise his claims in the state trial court where, importantly, he is represented by counsel. Finally, this case falls outside the very narrow category of "extraordinary" cases in which federal injunctive relief against a pending state prosecution would be warranted. *See Kugler v. Helfant,* 421 U.S. 117, 124-25 (1975).

In sum, because Plaintiff cannot show that any exception to the *Younger* abstention doctrine is warranted, the Court should abstain from exercising jurisdiction over his claims for federal intervention in his Dallas County prosecution. *See Boyd*, 575 F. App'x at 519 (dismissing under the *Younger* abstention doctrine injunctive relief claims by pretrial detainee relating to his pending criminal prosecution).

3

## B.  LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pled his "best case."  *Brewster v. Dretke,* *587 F.3d 764, 767-68 (5th Cir. 2009).*  As demonstrated above, the facts as alleged in Plaintiff's complaint demonstrate a lack of subject matter jurisdiction in this Court over his claims that is not curable by amendment.  Thus, granting leave to amend would be futile and cause needless delay.

## III. CONCLUSION

For all these reasons, Plaintiff's construed complaint for federal intervention in his pending state criminal proceeding should be **DISMISSED WITHOUT PREJUDICE** as barred by the *Younger* abstention doctrine.

**SO RECOMMENDED** on May 2, 2025.


RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).

5